UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JASON L. LOPEZ,<br><br>  Plaintiff(s),<br><br>v.<br><br>CAMERON ASHLEY GONZALES, et al.,<br><br>  Defendant(s). | Case No. 2:17-CV-3060 JCM (NJK)<br><br>ORDER |

Presently before the court is defendants American Southwest Electric Arizona Inc. ("ASE") and Cameron Gonzales' motion to dismiss. (ECF Nos. 11, 15). Plaintiff Jason Lopez filed a response. (ECF Nos. 33, 37). ASE, Gonzales, and Nelson replied. (ECF Nos. 40, 44, 45).

Also before the court is defendants Dana McClanahan, Gonzales, Nelson, and ASE's (collectively "defendants") motion to dismiss. (ECF Nos. 18, 25, 26, 27). Lopez filed a response. (ECF Nos. 33, 37). McClanahan, Gonzales, and Nelson replied. (ECF Nos. 41, 46, 47).

This action involves Lopez and Gonzales' relationship, breakup, and the subsequent aftermath. (ECF Nos. 5, 11, 33). Lopez alleges that during and after the relationship, Gonzales engaged in various unlawful activities that harmed Lopez. (ECF No. 5).

On December 13, 2017, Lopez initiated this action. (ECF No. 1). In his first amended complaint, Lopez raises fifteen causes of action and alleges that 28 U.S.C. § 1332 is the court's sole basis for subject matter jurisdiction. (ECF No. 5). Lopez, a Nevada resident, brings this action against four defendants: (1) ASE, (2) Gonzales, (3) McClanahan, and (4) Nelson. (ECF Nos. 5, 9, 10, 14, 28). Both Gonzales and Nelson are residents of Nevada. (ECF Nos. 5, 11, 18).

Now defendants move to dismiss, arguing that the court lacks subject matter jurisdiction under 28 U.S.C. § 1332 because there does not exist complete diversity. The court agrees.

**James C. Mahan**
**U.S. District Judge**

28 U.S.C. § 1332 allows federal courts to exercise diversity jurisdiction in civil actions between citizens of different states where the matter in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Further, diversity jurisdiction requires complete diversity—that each plaintiff in a case be a citizen of a different state than each defendant. *Matao Yokeno v Sawako Sekiguchi*, 754 F.3d 649, 652 (9th Cir. 2014) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990).

Here, Lopez and two defendants, Gonzales and Nelson, are residents of Nevada. (ECF No. 5). Therefore, complete diversity does not exist and the court cannot exercise subject matter jurisdiction under § 1332. *See Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004) (holding that 28 U.S.C. § 1332 requires "complete diversity").

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that ASE's motion to dismiss (ECF No. 11) be, and the same hereby is, GRANTED without prejudice.

IT IS FURTHER ORDERED that McClanahan's motion to dismiss (ECF No. 18) be, and the same hereby is, GRANTED without prejudice.

The clerk shall enter judgment accordingly and close the case.

DATED November 30, 2018.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -